UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

NICOLE A. BERG,

    Plaintiff,

v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, NICOLE A. BERG, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC, is a limited liability company. All of its members are citizens of the State of Washington with its principal place of business at 20816 44th Avenue West, Lynnwood, Washington 98036.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following message her father's telephone answering machine at his residence, where Plaintiff does not reside, on or about the dates stated:

> August 8, 2010 – Pre-Recorded Message
> This is a message for Berg, Nicole. If you are not Berg, Nicole, please hang up or disconnect. If you are this person, please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message, you acknowledge you are Berg, Nicole. You should not listen to this message so that other people can hear it as it

contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is Receivables Performance Management. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact us at 888-745-9332. Thank you.

11. Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Plaintiff's father heard the messages.

14. Plaintiff did not authorize Defendant to communicate with her father.

15. No court authorized Defendant to communicate with Plaintiff's father.

16. Plaintiff's father had no legitimate business need for the information communicated in the telephone messages.

17. Defendant knew or had reason to know that the Plaintiff's father had no legitimate business need for the information communicated in the telephone messages.

18. The messages communicate information affecting Plaintiff's reputation.

3

19. Defendant knew or had reason to know that persons other than Plaintiff may hear its telephone messages left on the residential telephone of Plaintiff's father.

20. Plaintiff's father has no contractual or legal obligation to *not* listen to messages left on his residential telephone answering machine.

## COUNT I
## UNAUTHORIZED COMMUNICATION WITH A THIRD-PARTY IN VIOLATION OF THE FDCPA

21. Plaintiff incorporates Paragraphs 1 through 20.

22. Defendant communicated with a third-party, Plaintiff's father, in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692c(b).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## UNAUTHORIZED COMMUNICATION WITH A THIRD-PARTY IN VIOLATION OF THE FCCPA

23. Plaintiff incorporates Paragraphs 1 through 20.

24. Defendant communicated information affecting Plaintiff's reputation to her father who had no legitimate business need for the information in violation of Fla. Stat. §559.72(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By: s/ Donald A. Yarbrough
>     Donald A. Yarbrough, Esq.
>     Florida Bar No. 0158658